**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| ABDULLAH ALKHALIDI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00433-JMS-WGH |
| | ) | |
| MARK LEVENHAGEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Abdullah Alkhalidi for a writ of habeas corpus challenges three prison disciplinary proceedings that all stem from one altercation. These proceedings include disciplinary case numbers WVS 12-08-0031, WVS 12-08-0032, and WVS 12-08-0033. All three cases were heard on the same day by the same hearing officer. These cases were properly joined in this habeas action pursuant to Rule 2(e) of the Rules Governing Section 2254 Proceedings.

For the reasons explained in this Entry, Alkhalidi's habeas petition must be **GRANTED**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support

the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B.  The Disciplinary Proceedings

In each of the three disciplinary actions at issue, Alkhalidi was charged with class A 117, assault on staff. Alkhalidi admits that the facts contained in each of the three conduct reports are true. See dkt. 24 at p. 6. Alkhalidi argues, however, that in each case there was insufficient evidence to find him guilty of the offense charged.

### 1. Case WVS 12-08-0031

The first case is WVS 12-08-0031, in which Alkhalidi was found guilty of class A offense 117, assault on Sergeant Purcell. On August 20, 2012, Sergeant Purcell wrote a conduct report which stated:

> At approximately 10:21 AM on 18 August 2012[,] I (Sgt. R. Purcell) was standing on SCU B-West 1100 range writing on the rec and shower sheet with C/O R. Rose as C/O A. Harden and C/O E. Rinard was (sic) escorting Offender Abdullah Alkhalidi DOC# [104113] in from the outside rec pad. Offender Alkhalidi attempted to pull the lead strap away from C/O Harden and kicked me striking the left side of my face.

On August 28, 2012, the hearing officer conducted the prison disciplinary hearing and found Alkhalidi guilty of class A offense 117, assault on staff. The sanctions recommended and approved were an earned credit time loss of 180 days, 6 months in disciplinary segregation, a one month loss of telephone privileges, and a written reprimand "do not commit battery on staff."

### 2. Case WVS 12-08-0032

The second case is disciplinary case number WVS 12-08-0032 in which Alkhalidi was also found guilty of class A offense 117, assault on Officer Harden. The conduct report stated:

> At approximately 10:22 AM on 18 August 2012 after kicking Sgt. R. Purcell in the face Offender Abdullah Alkhalidi DOC# 104113 turned and kicked me in the chest causing me to strike the back of my head on the wall. After I had fell (sic) on the floor Offender Alkhalidi kicked me a couple more times.

On August 28, 2012, the hearing officer conducted the prison disciplinary hearing and found Alkhalidi guilty of class A offense 117, assault on staff. The sanctions recommended and approved were an earned credit time loss of 180 days, 6 months in disciplinary segregation, a one month loss of commissary privileges and a written reprimand "do not commit battery on staff."

### 3. Case WVS 12-08-0033

The third case is WVS 12-08-0033, in which Alkhalidi was found guilty of class A offense 117, assault on Officer Rinard. Correctional Officer Rinard wrote the conduct report which stated:

> At approximately 10:23 AM on 18 August 2012 after kicking Sgt. R. Purcell in the face Offender Abdullah Alkhalidi DOC# 104113 turned and kicked C/O Harden in the chest, he then kicked me striking me in the right arm.

On August 28, 2012, the hearing officer conducted the prison disciplinary hearing and found Alkhalidi guilty of class A offense 117, assault on staff. The sanctions imposed were an earned credit time loss of 180 days, 6 months in disciplinary segregation, a one month loss of commissary privileges and a written reprimand of "do not commit battery on staff."

### C. Analysis

Alkhalidi presses two grounds for relief in his reply to the return to order to show cause. First, he challenges the sufficiency of the evidence. Second, he states that he was denied the opportunity to present evidence to the hearing officer.

Alkhalidi argues that there is no evidence to support the decision of the disciplinary hearing officer that found him guilty of class A-117 assault on staff because there is no evidence that a weapon was used or that any serious bodily injury resulted. Alkhalidi asserts that "there is no

evidence or any documentation of a weapon or any serious bodily injury as a result of Petioners (sic) action." Petition p. 3.

The Indiana Department of Correction Disciplinary Process for Adult Offenders dated June 1, 2012, defines class A offense 117 as: "Assault on Staff (including contractors and volunteers) which results in serious bodily injury." Pet. Exh. B-1 at dkt. 241-1 at p. 11. Unfortunately, neither party submitted a definition of what constitutes serious bodily injury. The Indiana Department of Corrections Website, reflects that the Disciplinary Code for Adult Offenders defines Serious Bodily Injury as:

> An injury to a person that requires urgent and immediate medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stitches, setting of broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes:
>
> · Serious permanent disfigurement;
> · Unconsciousness;
> · Extreme pain;
> · Permanent or protracted loss or impairment of the function of a bodily member or organ; or
> · Loss of a fetus.

Manual of Policies and Procedures, No. 02-04-101 (effective date July 1, 2012); see http://www.in.gov/idoc/3265.htm (last visited January 12, 2015).

The respondent does not address this argument except to state that as of July 1, 2013, (after the petitioner's conviction in the three disciplinary actions at issue) the definition for class A 117, was amended to the following: "[c]ommitting battery/assault upon any staff person, including contractors and volunteers, which results in bodily injury or serious bodily injury (including the throwing of body fluids or waste on a staff person)." Dkt. 14-38. But this is irrelevant. What matters is the charge of which Alkhalidi was convicted.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Even under this lenient standard, there is no evidence to suggest that the Alkhalidi's victims in case numbers WVS 12-08-0031, WVS 12-08-0032, or WVS 12-08-0033 suffered serious bodily injury as a result of his actions. The respondent does not even attempt to make such an argument.

The respondent is correct that there is sufficient evidence to find that Alkhalidi inflicted bodily injury and that his victims experienced pain, but there is no evidence of "serious bodily injury" as that term is defined above. Even under the liberal standard of "some evidence," there was not sufficient evidence in the record to support the finding of guilt. Under these circumstances, Alkhalidi's due process rights were violated in finding him guilty in disciplinary case numbers WVS 12-08-0031, WVS 12-08-0032, and WVS 12-08-0033 of class A offense 117, "Assault on Staff (including contractors and volunteers) which results in serious bodily injury." Accordingly, his petition for writ of habeas corpus must be **granted.**

Because the petition for writ of habeas corpus must be granted, this Court need not further consider the factual dispute regarding whether Alkhalidi refused his opportunity to present evidence to the hearing officer. If a rehearing is conducted in these disciplinary actions, Alkhalidi has the right to be heard before an impartial decision maker. *See Superintendent v. Hill*, 472 U.S. 445 (1985); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Alkhalidi's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED.** Accordingly, Alkhalidi's petition for a writ of habeas corpus is **GRANTED.** A rehearing of the misconduct charged in WVS 12-08-0031, WVS 12-08-0032, and WVS 12-08-0033 is permitted.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: January 14, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ABDULLAH ALKHALIDI
104113
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

All Electronically Registered Counsel